IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:13-cr-89-M (01) |
| | § | |
| KEVIN ARTHUR MILES, | § | |
| (BOP Register No. 46054-177) | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Defendant Kevin Arthur Miles moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 801 to the United States Sentencing Guidelines ("Amendment 801"). *See* Dkt. No. 81. Chief Judge Barbara M. G. Lynn has referred this motion to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 82. The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion.

**Applicable Background**

<u>Underlying Conviction and Sentence and Procedural History</u>

Miles pleaded guilty to transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), in March 2013, and, on August 29, 2014, he was sentenced to 210 months of imprisonment. *See* Dkt. No. 65. His direct appeal was dismissed after his counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). *See United States v. Miles*, No. 14-10996 (5th

Cir. July 31, 2015) [Dkt. Nos. 78 & 79]. Miles has not pursued collateral relief under 28 U.S.C. § 2255. And the current Section 3582(c)(2) motion based on Amendment 801 was docketed on June 8, 2017.

Applicable Guideline Offense-Level Enhancement

Because Miles knowingly used a file-sharing program to download child pornography, the offense level of his guidelines sentence was enhanced by five levels under U.S.S.G. § 2G2.2(b)(3)(B). *See* Dkt. No. 50-1, ¶ 31. As the United States Court of Appeals for the Eighth Circuit recently explained,

> [a]t the time of sentencing, [this] guideline provided that the court should increase the defendant's offense level by five levels if the child pornography offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." USSG § 2G2.2(b)(3)(B) [(2013)]. According to the commentary, the increase should be applied based on "any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit." *Id.*, comment (n.1). "Thing of value" meant "anything of valuable consideration." *Id.* If the defendant distributed child pornography, but did not qualify for the five-level increase, then a two-level increase applied. USSG § 2G2.2(b)(3)(F).

*United States v. Hansen*, 859 F.3d 576, 577 (8th Cir. 2017).

In that circuit, as well as in this circuit, the five-level enhancement was applied

> when a defendant received and shared child pornography files through peer-to-peer file-sharing networks.... [T]he government could meet its burden through "direct evidence, such as an admission by the defendant that he knew he was using a file-sharing network, and could download files from others who could download files from him." Or the government could present "indirect evidence, such as the defendant's technical sophistication in computers, inferring that he knew that by using a file-sharing network, he could download files from others who could also access his files."

*Id.* (quoting *United States v. Bastian*, 603 F.3d 460, 466 (8th Cir. 2010)); *accord United*

*States v. Scott*, 821 F.3d 562, 567 (5th Cir. 2016) ("It is undisputed that 'distribution as defined in § 2G2.2 includes operating a file sharing program that enables other participating users to access and download files then automatically placed in a shared folder available to other users.'" (quoting *United States v. Baker*, 742 F.3d 618, 620 (5th Cir. 2014) (in turn quoting *United States v. Dodd*, 598 F.3d 449, 452-53 (8th Cir. 2010)); citation, brackets, and some internal quotation marks omitted)); *see id.* at 567-68 (noting that "[t]he key Fifth Circuit case interpreting § 2G2.2(b)(3)(B) in this context," *United States v. Groce*, 784 F.3d 291 (5th Cir. 2015), explained: "'Generally, when a defendant knowingly uses peer-to-peer file sharing software, ... he engages in the kind of distribution contemplated by § 2G2.2(b)(3)(B). A peer-to-peer file sharing program "lets users exchange digital files through a network of linked computers." By using this software as Groce has, the user agrees to distribute the child pornography on his computer in exchange for additional child pornography. This is precisely the kind of exchange contemplated by § 2G2.2(b)(3)(B).'" (quoting *Groce*, 784 F.3d at 294-95; emphasis omitted)).

> Other circuits criticized this approach
>
> on the ground that use of a file-sharing network does not necessarily involve bartering or another in-kind transaction that qualifies for the enhancement. The concern expressed was that where a person can access shared files on peer computers whether or not he shares his own files, there is no "transaction" that is conducted "*for* a thing of value," as required by the guideline.

*Hansen*, 859 F.3d at 577 (citations omitted).

> [And, e]ffective November 2016, the Sentencing Commission amended § 2G2.2(b)(3)(B) to reject the view that a defendant's knowing use of

> file-sharing software generally satisfies the requirements for a five-level enhancement. The amended guideline provides that the enhancement applies if "the defendant distributed in exchange for any valuable consideration." USSG § 2G2.2(b)(3)(B) (2016); *see* USSG App. C, amend. 801. This means that the increase applies where a defendant "agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child." *Id.*, comment (n.1).

*Id.*; *see, e.g., United States v. Garcia*, Cr. No. 2:10-154 (Ca. No. 2:16-509), 2017 WL 107670, at *1 (S.D. Tex. Jan. 11, 2017) ("Amendment 801 ... does not affect Garcia's sentence. Garcia distributed an image of child pornography via email with an undercover agent. He agreed to share additional images of child pornography in exchange for the undercover officer making a fictional 12-year-old girl available for sexual relations with Garcia. That conduct supports his sentencing enhancement for distribution in exchange for valuable consideration." (citation and footnotes omitted)).

## Legal Standards and Analysis

Even if Amendment 801's changes to Section 2G2.2(b)(3)(B) would benefit Miles if he were to be sentenced under the version of the guidelines effective November 1, 2016, the Court lacks jurisdiction to consider this Section 3582(c)(2)-based collateral attack of his sentence because of that change.

"Section 3582(c)(2) permits the discretionary modification of a defendant's sentence 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to' the Sentencing Commission's changes to the guidelines."

*United States v. Benton*, 546 F. App'x 365, 367 (5th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)). "The applicable guidelines policy statement, U.S.S.G. § 1B1.10, limits the circumstances under which a defendant is entitled to a § 3582(c)(2) sentence reduction." *Id.* (citing U.S.S.G. § 1B1.10, cmt. 1.1); *cf. id.* at 368 ("A reduction must ... be consistent with the Sentencing Commission's applicable policy statements." (citation omitted)).

> Application Note 1 to U.S.S.G. § 1B1.10 makes it clear that "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered *only by an amendment listed in [U.S.S.G. § 1B1.10(d)] that lowers the guideline range.*" *Id.*, comment. (n.1) (emphasis added). Accordingly, construing this interplay between § 3582(c)(2) and U.S.S.G. § 1B1.10, [the United States Court of Appeals for the Fifth Circuit] held that "§ 3582(c)(2) applies only to amendments to the Guidelines that operate retroactively, as set forth in the Guidelines policy statement, U.S.S.G. § 1B1.10(d)." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995) (citing *United States v. Miller*, 903 F.2d 341, 349 (5th Cir. 1990)). Thus, if an amendment is not specifically listed in U.S.S.G. § 1B1.10[(d)], a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement.

*United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996) (citation, footnote, and original brackets omitted).

Amendment 801 is not listed in Section 1B1.10(d). Therefore, for this reason alone, the Court should deny Miles's Section 3582(c)(2). But there is another reason that requires the dismissal of his motion.

As set out above, Amendment 801 changed the actual text of Section 2G2.2(b)(3)(B), which is strong evidence that the amendment is substantive – not clarifying. As to Amendment 801, moreover, all factors that the Fifth Circuit has identified as applicable to the substantive-or-clarifying determination fall on the

-5-

substantive side of the line: (1) "the Commission [did not] expressly characterize[] the amendment as clarifying"; (2) as set out above, "the amendment [was] intended to address a circuit split, which generally indicates that the amendment is substantive, not clarifying"; (3) "the amendment is [not] listed in § 1B1.10(d) as being retroactively applicable"; and (4) "the amendment [does not alter] the language of the commentary rather than the language of the Guideline itself," as the inverse "may suggest that it is clarifying." *United States v. Sanchez-Villarreal*, 857 F.3d 714, 720 (5th Cir. 2017) (citing *United States v. Huff*, 370 F.3d 454, 465-67 (5th Cir. 2004); footnote omitted).

Substantive amendments, quite simply, do not apply retroactively. *See United States v. Solis*, 675 F.3d 795, 797 (5th Cir. 2012) ("Under the sentencing guidelines, courts are required to consider subsequent amendments 'to the extent that such amendments are clarifying rather than substantive changes.'" (quoting U.S.S.G. § 1B1.11(b)(2))); *United States v. Anderson*, 5 F.3d 795, 802 (5th Cir. 1993) ("Amendments to the guidelines and their commentary intended only to *clarify*, rather than effect substantive changes, may be considered even if not effective at the time of the commission of the offense or at the time of sentencing." (citing U.S.S.G. § 1B1.11(b)(2))).

And, even if an amendment is clarifying, the Court cannot consider it in the context of a collateral attack on a sentence if that amendment is not listed in Section 1B1.10(d). *See United States v. Carreon-Palacio*, 73 F. App'x 67, 68 (5th Cir. 2003) (per curiam) ("While we will consider the effect of 'clarifying' amendments on direct appeal, a different rule applies when the issue is raised on collateral attack pursuant to 18

-6-

U.S.C. § 3582(c)(2)" – *Drath*'s requirement that an amendment be listed in Section 1B1.10(d). (citation omitted)); *see also United States v. Cruz*, No. 89 Cr. 346 (SWK), 1997 WL 115835, at *3 (S.D.N.Y. Mar. 11, 1997) ("[C]ourts have recognized the distinction between applying amendments retroactively on a direct appeal as opposed to a motion pursuant to Section 3582(c)(2). This distinction is essential because, unlike direct appeals, Section 3582(c)(2) motions are expressly limited by Guidelines Section 1B1.10, which, ... precludes Section 3582(c)(2) motions based on amendments which are not expressly retroactive." (citations omitted)).

Finally, Miles has not requested relief under 28 U.S.C. § 2255, and the Court should not construe the current motion as one to vacate, set aside, or correct sentence under that provision because, if the Court did so, it appears that this would be Miles's first Section 2255 motion and he has not been given the warning required by *Castro v. United States*, 540 U.S. 375 (2003), under which a court, before construing a criminal motion as an initial Section 2255 motion, first must provide a defendant the opportunity to withdraw his motion after advising him that should he assert his claims through a motion under Section 2255, "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions," *id.* at 383; *see also* 28 U.S.C. § 2244(b)(3)(A); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

**Recommendation**

The Court should deny Miles's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 801 [Dkt. No. 81].

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 7, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE